### Nathaniel ROBERTS, et al., Plaintiff(s),

v.

### MAHONING COUNTY, et al., Defendant(s).

### No. 4:03CV2329.

United States District Court, N.D. Ohio, Eastern Division.

Dec. 29, 2006.

Robert P. Armbruster, Thomas Kelley, Armbruster, Kelley, Kot, Honeck & Baker, Akron, OH, for Plaintiffs.

Sharon K. Hackett, Linette M. Stratford, Paul J. Gains, Office of the Prosecuting Attorney, Youngstown, OH, Thomas Kelley, Armbruster & Kelley, Akron, OH, Thomas N. Michaels, Cleveland, OH, for Defendants.

BATCHELDER, DOWD and POLSTER, District Judges.

## ORDER

PER CURIAM.

On December 28, 2006, the panel conducted a hearing on Plaintiff's Motion for Immediate Injunctive Relief (Docket No.232). Prior to the hearing, the Intervener City of Youngstown filed a brief in response (Docket No. 237) and the Mahoning County Defendants also filed a response brief (Docket No. 239). Plaintiffs also filed a supplement in support of the motion for injunctive relief (Docket No. 240).

At the hearing, the Court's expert, Mr. Vincent Nathan, authenticated his own expert report and answered preliminary questions from the panel and counsel for the parties. Further, the Intervener City of Youngstown confirmed that it intended to select its own experts to submit a report consistent with the dictates of the panel's case management plan. The City of Youngstown has also filed its Notice of Identity of Expert Witnesses. See Docket No. 243.

After consideration of the briefs and arguments at the hearing, the panel confirmed that it would take the matter of Plaintiffs' motion for Immediate Injunctive Relief under advisement. However, the panel designated Judge Polster to engage in an attempt to mediate a resolution of the dispute acceptable to all of those interested in the outcome. The panel reiterated its view that the problem, and the solution, is fundamentally a local one and urged all interested parties to engage in negotiations toward a mutually agreeable resolution.

At the conclusion of the hearing, Judge Polster, with the encouragement of his fellow panel members, commenced efforts to seek a resolution of this matter. Judge Polster's orders concerning scheduling of and attendance at mediation sessions shall have the same force and effect as those of the panel. The case management schedule previously adopted by the panel also remains in effect as this matter is scheduled for a full hearing on May 16–17, 2007.

The transcript of the hearing has been ordered (Docket No. 241) and interested parties may purchase it by contacting the court reporter.

IT IS SO ORDERED.